UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC WATSON et al., | CASE NO. 3:23-cv-05870-DGE |
| Plaintiffs, | |
| v. | ORDER ON MOTION TO REMAND |
| LISA KURTZ et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to remand this case to the Pierce County Superior Court. (Dkt. No. 7.)

Having considered Plaintiffs' motion, Defendants' response, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS Plaintiffs' motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a family dispute. On August 31, 2022, Plaintiffs Eric Watson and Sarah Watson filed a complaint in the Pierce County Superior Court, Cause No. 22-2-08513-0 (the "State Court Lawsuit"). (Dkt. No. 1-1.) Plaintiffs allege Defendants defamed them by

making false claims about Plaintiffs' treatment of their mother, Marie Edna Watson, now deceased.  (*Id.* at 2.)  Plaintiffs seek $10 million in damages for Eric Watson and an additional $10 million in damages for Sarah Watson.  (*Id.* at 3–4.)  Plaintiffs also appear to seek an additional $10 million for mental and emotional distress for Eric Watson.  (*Id.* at 3.)  Plaintiffs also seek to have Lisa Kurtz removed as executor of her mother's estate and for Lisa Kurtz to forfeit any claim to the estate.  (*Id.* at 4.)

Attorney Grady R. Heins was/is the attorney of record for defendant Lisa Kurtz in her capacity as the Personal Representative of the Estate of Marie Edna Watson in three separate matters filed in the Pierce County Superior Court.  (Dkt. No. 5-9 at 1.)  On August 31, 2022, a copy of the summons and complaint filed in the State Court Lawsuit was delivered to Heins' law firm.  (Dkt. No. 5-8.)  Heins asserted Plaintiffs never properly served Defendants Lisa and David Kurtz with the summons and complaint as (1) Heins had no authority to accept service on their behalf, and (2) even if he did, the documents were merely left at his law firm and not served on Heins.  (Dkt. No. 5-9 at 1–2.)

On December 27, 2022, Heins entered a limited notice of appearance on behalf of Defendants in the State Court Lawsuit.  (Dkt. No. 5-10.)  In doing so, Heins acknowledged he represented Defendants in the State Court Lawsuit, but was not authorized to accept service, and asserted proper service had never been accomplished.  (*Id.*)  On April 21, 2023, Heins filed a "Status Report" in the State Court Lawsuit again asserting the Defendants had never been properly served.  (Dkt. No. 5-17.)

On July 13, 2023, an order allowing service by publication on Defendants was entered in the State Court Lawsuit.  (Dkt. No. 5-23.)  Service by publication was completed on August 23, 2023.  (Dkt. No. 5-26.)

ORDER ON MOTION TO REMAND - 2

On September 22, 2023, Defendants filed a notice of removal with this Court. (Dkt. No. 1.) Defendants contend removal is appropriate because the amount in controversy exceeds the jurisdictional minimum. (*Id.* at 2.) Defendants further contend Plaintiffs have already conceded Defendants are citizens of a different state because they asked to serve Defendants through publication. (*Id.*)

## II.   DISCUSSION

### A.  Legal Standard

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a).

One such basis for removal is diversity jurisdiction, which exists if the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).

### B.  Plaintiffs' Argument

Plaintiffs contend Defendants live in Washington State. (Dkt. No. 7 at 1.) Plaintiffs claim Defendants refused to provide addresses so they could be served, and that they were required to seek an order in the State Court Lawsuit permitting them to serve Defendants by publication. (*Id.* at 3–4.) Plaintiffs argue that without evidence of Defendants' out-of-state

ORDER ON MOTION TO REMAND - 3

1  address, the existence of Defendants' Washington State post office boxes are sufficient to
2  establish that Defendants reside in Washington. (*Id.* at 11–12.)
3        Plaintiffs contend Defendants own three properties in Washington State. (Dkt. No. 11 at
4  3.) Plaintiffs state they visited a Vancouver, Washington townhome allegedly owned by
5  Defendants, asked neighbors if Defendants lived there, and allowed their children to trick-or-
6  treat in the neighborhood, all in an effort to establish whether Defendants resided in Washington
7  State. (*Id.* at 3–4.)
8        **C. Defendants' Response**
9        Defendants David Kurtz and Lisa Kurtz contend they are citizens of Oregon. (Dkt. No. 8
10 at 2.) In declarations, David Kurtz and Lisa Kurtz assert they have been residents and citizens of
11 Oregon since March of 2022. (Dkt. Nos. 9, 10.) Defendants state they cannot disclose their
12 Oregon address because they fear harassment and threats from Plaintiffs. (*Id.*) Defendants'
13 counsel claims Plaintiffs have cyberstalked Defendants and driven hundreds of miles to
14 addresses they believed to be Defendants' in Vancouver, Washington in an attempt to confront
15 and intimidate Defendants. (Dkt. No. 12.)
16       Defendants claim Plaintiffs have never served Defendants with their complaint or
17 summons. (Dkt. No. 8 at 1.) Defendants allege Plaintiffs waited 322 days to begin service by
18 publication, with Plaintiffs claiming service by publication was completed by August 23, 2023.
19 (*Id.* at 2.) Defendants contend service by publication in the State Court Lawsuit was improper
20 because it was in violation of a Washington statute which, according to Defendants, required
21 service to have occurred within ninety days from the date of the filing of the complaint. (*Id.*)
22 Defendants contend their notice of removal was filed within 30 days of service by publication, as
23 required by the federal removal statute. (*Id.* at 3–4.)
24

ORDER ON MOTION TO REMAND - 4

**D. Analysis**

<u>1. Whether Defendants are Citizens of Oregon</u>

For purposes of determining diversity jurisdiction, a natural person must be both a citizen of the United States and be "domiciled" in the state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Given the substance of declarations submitted by counsel and Defendants, the Court finds Defendants are domiciled in Oregon for purposes of determining diversity jurisdiction.

<u>2. Whether Removal Was Timely</u>

28 U.S.C. § 1446(b)(1) provides that a notice of removal of a civil action or proceeding "shall be filed within 30 days after the receipt by the defendant, through service *or otherwise,* of a *copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, *whichever period is shorter*." (emphasis added).

In this matter, even if not properly served, it is reasonable to conclude Defendants had a copy of the complaint filed in the State Court Lawsuit as early as December 27, 2022 and certainly no later than April 21, 2023. This is because attorney Heins entered his limited notice of appearance on Defendants' behalf on December 27, 2022 (Dkt. No. 5-10) and subsequently filed a Status Report on their behalf on April 21, 2023. (Dkt. No. 5-17). As their attorney, Heins would have shared the complaint with the Defendants as Heins would not have had authority to

ORDER ON MOTION TO REMAND - 5

act on Defendants' behalf in the State Court Lawsuit absent review and discussions with them about the contents of the complaint.

Moreover, Defendants have always known they are citizens of Oregon. Given Defendants' familial relationship to Plaintiffs and the legal matters involving the Estate of Marie Edna Watson, Defendants also would have known Plaintiffs were citizens of Washington. Indeed, the removal statute requires defendants to apply "a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1140 (9th Cir. 2013) (internal citation omitted). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125.

Thus, the complaint on its face, together with Defendants own knowledge of their state of citizenship provided Defendants with sufficient knowledge of their ability to remove the matter to federal court no later than April 21, 2023. Because Defendants' removal notice was filed on September 22, 2023, beyond the thirty-day time limit contained in 28 U.S.C. § 1446(b), the Notice of Removal is invalid.

### III.   ORDER

For the reasons stated herein, Plaintiffs' motion to remand this case to the Pierce County Superior Court (Dkt. No. 7) is GRANTED.

Dated this 11th day of December, 2023.

David G. Estudillo
United States District Judge